**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of Delaware
(State)

Case number *(if known)*: _____    Chapter ___11___

☐ Check if this is an
amended filing

<u>Official Form 201</u>
## Voluntary Petition for Non-Individuals Filing for Bankruptcy
06/22

*If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, Instructions for Bankruptcy Forms for Non-Individuals, is available.*

| | | |
|---|---|---|
| 1. | **Debtor's Name** | Natural Outcomes, LLC |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | N/A |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | N/A |

**4.  Debtor's address**

**Principal place of business**

2176 Government St
Number        Street

Penticton, British Columbia    V2A 8B5
City            State      Zip Code

Canada
County

**Mailing address, if different from principal place of business**

Number        Street

City            State      Zip Code

**Location of principal assets, if different from principal place of business**

1800 Sturges Road
Number          Street

Conway, Arkansas  72034
City            State      Zip Code

**5.  Debtor's website** (URL)    https://www.structurlam.com

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding LLP)

☐ Other. Specify: _____

Debtor ___Natural Outcomes, LLC_____    Case number *(if known)* _____
      Name

---

**7. Describe debtor's business**

A. *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

---

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

---

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

3212

---

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply:*

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B)..

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, and it chooses to proceed under Subchapter V of Chapter 11. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form**.**

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.

| | District | When | Case number |
|---|---|---|---|
| | _____ | _____ MM/DD/YYYY | _____ |
| | _____ | _____ MM/DD/YYYY | _____ |

---

Debtor        Natural Outcomes, LLC
              _____        Case number *(if known)* _____
              Name

| | |
|---|---|

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

Debtor                    See Schedule 1
                          _____

District                  Delaware
                          _____

Case number, if known     _____

Relationship    Affiliate
                _____

When            04 / 21 / 2023
                _____
                MM / DD / YYYY

**11. Why is the case filed in *this* district?**

Check all that apply:

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number        Street

_____

_____
City                              State    Zip Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

**⬛ Statistical and administrative information**

**13. Debtor's estimation of available funds**

Check one:

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☒ 200-999 | | |

---

[1]   Estimated number of creditors noted here is provided on a consolidated basis.

Debtor    Natural Outcomes, LLC _____    Case number *(if known)* _____
       Name

| **15. Estimated assets**[2] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities**[3] | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --**    Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      04 / 21 / 2023
               MM/ DD / YYYY

✖    */s/ Shawn Turkington* _____    Shawn Turkington
     Signature of authorized representative of debtor    Printed name

Title      Authorized Signatory _____

**18. Signature of attorney**    ✖    */s/ M. Blake Cleary* _____    Date    04 / 21 / 2023
     Signature of attorney for debtor           MM/DD/YYYY

M. Blake Cleary _____
Printed name

Potter Anderson & Corroon LLP _____
Firm name

1313 North Market Street, 6th Floor _____
Number         Street

Wilmington _____    Delaware    19801
City    State     ZIP Code

(302) 984-6000 _____    bcleary@potteranderson.com _____
Contact phone    Email address

No. 3614 _____    Delaware _____
Bar number    State

---

[2]    Estimated number of assets and liabilities noted here are provided on a consolidated basis.

[3]    Estimated number of assets and liabilities noted here are provided on a consolidated basis.

<table>
<tr><td colspan="3"><strong>Fill in this information to identify the case</strong>:</td></tr>
</table>

| | |
|---|---|
| United States Bankruptcy Court for the: | |
| | District of Delaware |
| | (State) |
| Case number *(if known)*: _____ | Chapter ___11___ |

## Schedule 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code.  The Debtors plan to file a motion with the Court requesting joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of **Structurlam Mass Timber U.S., Inc.**

| Debtor | Employer/Buisiness Identification Number | Jurisdiction |
|---|---|---|
| Structurlam Mass Timber U.S., Inc. | 84-2896287 | United States |
| Natural Outcomes, LLC | N/A | United States |
| Structurlam Mass Timber Corporation | 98-1445050 | Canada |
| SLP Holdings Ltd. | 781693114 (Canada) | Canada |

## RESOLUTIONS OF THE  SOLE MANAGER OF
## NATURAL OUTCOMES, LLC

April 16, 2023

The undersigned being the sole manager (the "Manager") of Natural Outcomes, LLC, a Delaware limited liability company, (the "Company"), hereby takes the following actions pursuant to the operating agreement, or other governing agreement, as applicable (the "Operating Agreement"), of the Company and the applicable laws of the jurisdiction in which the Company is organized.

**WHEREAS**, the Manager of the Company has consulted with the management and the financial and legal advisors of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to them, and the effect of the foregoing on the Company's business;

**WHEREAS**, the Manager of the Company has consulted with the management and the financial and legal advisors of the Company and fully considered each of the strategic alternatives available to the Company;

**WHEREAS**, after careful consideration, the Manager of the Company has determined that it is desirable and in the best interests of the Company, its creditors, and other interested parties, that the Company file or cause to be filed a voluntary petition for relief (a "Chapter 11 Case") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") in which the authority for the Company to operate as a debtor in possession will be sought; and

**WHEREAS**, after careful consideration, the Manager of the Company has determined that it is desirable and in the best interests of the Company and its respective creditors, equity holders, and other parties in interest that the Company enter into, execute, deliver, certify, file and/or record and perform under a debtor-in-possession financing agreement, including an initial term sheet and any other related documents.

## 1.    APPROVAL OF CHAPTER 11 FILING

**NOW, THEREFORE, BE IT RESOLVED**, that the Company shall be, and hereby is, authorized, directed, and empowered to file or cause to be filed a Chapter 11 Case under the provisions of the Bankruptcy Code in the Bankruptcy Court; and

**FURTHER RESOLVED**, that Matthew Karmel and Shawn Turkington (each, an "Authorized Officer"), acting alone or with one or more other directors or officers of the Company be, and hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, motions, papers, documents, or other filings, and to take any and all action that he deems necessary or proper to obtain such relief, including any action necessary to maintain the ordinary-course operation of the Company's business.

## 2.    RETENTION OF PROFESSIONALS

**NOW, THEREFORE, BE IT RESOLVED**, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and directed to (a) employ the law firm of Paul Hastings LLP ("Paul Hastings") as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and

obligations in the Chapter 11 Case, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Paul Hastings;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the law firm of Potter Anderson & Corroon LLP ("Potter Anderson") as local bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Potter Anderson;

**FURTHER RESOLVED**, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and directed to (a) employ the law firm of Gowling WLG ("Gowling") as Canadian bankruptcy counsel to represent and assist the Company in carrying out its duties under applicable law, and to take any and all actions to advance the Company's rights and obligations in connection with any insolvency proceedings in Canada related to the Chapter 11 Case (the "CCAA Proceedings"), including filing any pleadings, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Gowling;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the firm Alvarez & Marsal Canada ULC ("A&M") as financial advisor to, among other things, assist the Company in (i) developing financial data for evaluation by its equityholders, creditors, or other third parties (in each case as requested by the Company), (ii) responding to issues related to the Company's financial liquidity, and (iii) selling the Company's assets, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of A&M;

**FURTHER RESOLVED**, that the Authorized Officer be, and hereby is, authorized and directed to (a) employ the firm Stifel, Nicolaus & Company, Incorporated and Miller Buckfire & Co., LLC ("Miller Buckfire") as investment banker to, among other things, assist the Company in (i) the marketing and sale of the Company's assets and (ii) obtaining financing, including debtor-in-possession financing, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed an appropriate application for authority to retain the services of Miller Buckfire;

**FURTHER RESOLVED**, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and directed to (a) employ the firm of Kurtzman Carson Consultants LLC ("KCC") as notice and claims agent and administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations in the Chapter 11 Case, and (b) in connection therewith, execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain the services of KCC;

**FURTHER RESOLVED**, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to (a) employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code, and (b) in connection therewith, to execute appropriate retention agreements, pay appropriate retainers and fees, and cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

**FURTHER RESOLVED**, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed to (a) execute and file all petitions, schedules, motions, lists,

2

applications, pleadings, and other papers, (b) in connection therewith, employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals, and (c) take and perform any and all further acts and deeds that an Authorized Officer deems necessary, proper, or desirable in connection with the Chapter 11 Cases and CCAA Proceedings, with a view to the successful prosecution of each such case.

3.      **CASH COLLATERAL AND DIP FINANCING**

NOW, THEREFORE, BE IT RESOLVED, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, to (a) seek approval of a cash collateral order in interim and final form which may require the Company to grant liens and (b) negotiate and enter into debtor-in-possession financing, in each case subject to potential capital maintenance rules and financial assistance rules to be complied with under applicable laws;

FURTHER RESOLVED, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to secure the payment and performance of any post-petition financing by (a) pledging or granting liens and mortgages on, or security interest in, all or any portion of the Company's assets whether now owned or hereafter acquired, and (b) entering into or causing to be entered into such security agreements, pledge agreements, control agreements, inter-creditor agreements, mortgages, deeds of trust and other agreements as are necessary, appropriate or desirable to effectuate the intent of, or matters reasonably contemplated or implied by, this resolution in such form, covering such collateral and having such other terms and conditions as are approved or deemed necessary, appropriate or desirable by the officer executing the same, the execution thereof by such officer to be conclusive evidence of such approval or determination; and

FURTHER RESOLVED, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized, empowered, and directed on behalf of and in the name of the Company to (a) take such further actions and execute and deliver such certificates, instruments, guaranties, notices and documents as may be required or as such officers may deem necessary, advisable or proper to carry out the intent and purpose of the foregoing resolutions, including the execution and delivery of any security agreements, pledges, financing statements and the like, and (b) perform the obligations of the Company under the relevant companies law applicable to the Company, the Bankruptcy Code, and other applicable law, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices and documents to be executed and delivered in such form as the officers performing or executing the same shall approve, and the performance or execution thereof by such officers shall be conclusive evidence of the approval thereof by such officers and by the Company.

4.      **GENERAL**

NOW, THEREFORE, BE IT RESOLVED, that, in addition to the specific authorizations heretofore conferred upon an Authorized Officer, an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case as in an Authorized Officer's (or their respective designees' or delegates') reasonable business judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

FURTHER RESOLVED, that all actions taken by an Authorized Officer (and his designees and delegates) to carry out the purposes and intent of the foregoing resolutions prior to their adoption are approved, ratified, and confirmed;

**FURTHER RESOLVED**, that an Authorized Officer (and his designees and delegates) be, and hereby is, authorized and empowered to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as an Authorized Officer shall deem necessary or desirable in an Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein; and

**FURTHER RESOLVED**, that this resolution may be executed in as many electronic or original counterparts as may be required, and all counterparts shall collectively constitute one and the same resolution.

* * * * * *

**IN WITNESS WHEREOF**, the undersigned have executed this resolution as of the date first set forth above.

Name:  Nathan Waters
Title:  Manager

Being the sole manager of:

Natural Outcomes, LLC, a Delaware limited liability company

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| STRUCTURLAM MASS TIMBER U.S., INC., *et al.*,[1] | ) Case No. 23-[_____ (___)] |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) |

**COMBINED CORPORATE OWNERSHIP STATEMENT**
**AND LIST OF EQUITY SECURITY HOLDERS PURSUANT TO**
**FED. R. BANKR. P. 1007(a)(1), 1007(a)(3), AND 7007.1**

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure, Structurlam Mass Timber U.S., Inc. and certain of its affiliates, who are or may be debtors and debtors in possession in the above-captioned cases (each a "Debtor" and collectively, the "Debtors"), hereby state as follows:

1.    Debtor Structurlam Mass Timber U.S., Inc. is 100% owned by Debtor SLP Holdings Ltd. No non-Debtor publicly traded corporation owns more than 10% of Structurlam Mass Timber U.S., Inc.

2.    Debtor Natural Outcomes, LLC is 100% owned by Debtor Structurlam Mass Timber U.S., Inc. No non-Debtor publicly traded corporation owns more than 10% of Natural Outcomes, LLC.

3.    Debtor Structurlam Mass Timber Corporation is 100% owned by Debtor SLP Holdings Ltd. No non-Debtor publicly traded corporation owns more than 10% of Structurlam

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number or Canadian business number, as applicable, include: Structurlam Mass Timber U.S., Inc. (6287); Natural Outcomes, LLC (n/a); Structurlam Mass Timber Corporation (5050); and SLP Holdings Ltd. (3114). The location of the Debtors' headquarters is: 2176 Government Street, Penticton, British Columbia, Canada V2A 8B5. The address of the registered agent for Structurlam Mass Timber U.S., Inc. is: 8 The Green, Suite A, Dover, Delaware 19901.

Mass Timber Corporation.

4.      A list of Debtor SLP Holdings Ltd.'s equity interest holders owning more than 5%, their addresses, and the nature of their equity interests is attached hereto as **Exhibit 1**.  The following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of SLP Holdings Ltd.'s equity interests:

| Shareholder | Approximate Percentage of Shares Held of: |
|---|---|
| | **Class A Preferred** |
| Bentonville KF SLP Holdings LP | 33.2% |
| KF Arc Holding LP c/o Kingfish Group, Inc | 63.0% |
| | **Class B Preferred** |
| Bentonville KF SLP Holdings LP | 34.6% |
| KF Arc Holding LP c/o Kingfish Group, Inc | 65.5% |
| | **Class C Preferred** |
| KF Arc Holding LP c/o Kingfish Group, Inc | 29.3% |
| Skydeck Holdings II LLC | 21.0% |
| Wal-Mart International Holdings, Inc. | 34.5% |
| | **Common Stock** |
| Hardy Wentzel | 41.4% |
| Marlene Higgins | 11.9% |
| Michael Darby | 11.9% |

## EXHIBIT 1

## LIST OF EQUITY SECURITY HOLDERS[1]

| Equity Holders | Class | Address of Equity Holder | Percentage of Equity Held[2] |
|---|---|---|---|
| 2022 Skydeck Holdings II LLC | Class C Preferred Series 1 | 1 S. Wacker Dr., Suite 1810, Chicago, Il 60606 | 0.9% |
| Andre Morf | Class A Preferred Series 5 | 12203 Saunders Crescent, Summerland, BC V0H 1Z0 | 0.1% |
| Andrew Kilduff | Common shares | 1180 Wintergreen Cres., Kelowna, BC V1W 3V8 | 0.0% |
| Bank of Montreal D.B.A. BMO Capital Partners | Class C Preferred Series 2 | 525 8th Avenue SW 12th Floor, Calgary, AB T2P 1G1 | 1.7% |
| Bellevue Projects Ltd. | Class A Preferred Series 1 Class A Preferred Series 2 | 2900 - 550 Burrard Street, Vancouver, BC V6C 0A3 | 1.1% |
| Bentonville KF SLP Holdings LP | Class A Preferred Series 5 Class B Preferred Series 1 | 702 SW 8th Street, MS #0215, Bentonville, AK 72716 | 27.1% |
| Blaine Peterson | Class A Preferred Series 5 | 4635 Sage Mesa Drive, Penticton, BC V2A 9A3 | 0.1% |
| Drifter Enterprises Ltd. | Class A Preferred Series 1 Class A Preferred Series 2 | Suite 990 - 1040 West Georgia Street, Vancouver, BC V6E 4H1 | 0.3% |
| Emerson Khosa | Common shares | 8845 176 Street, Surrey, BC V4N 6H9 | 0.0% |
| Hardy Wentzel | Class A Preferred Series 5 Common shares | 16 - 4401 Westside Road N., Kelowna, BC V1Z 3P8 | 0.9% |
| John Kostaras | Common shares | 4414 E. Campo Bello Drive, Phoenix, AZ 85032 | 0.0% |
| KF Arc Holding GP, LLC c/o Kingfish Group, Inc. | Class A Preferred Series 1 Class A Preferred Series 2 Class A Preferred Series 3 Class A Preferred Series 4 | 601 California Street, Suite 1250, San Francisco, CA 94108 | 0.0% |

[1] This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure. All equity positions listed are as of the date of commencement of these chapter 11 cases.

[2] These percentages are based of the total values from all classes of both preferred and common shares.

| Equity Holders | Class | Address of Equity Holder | Percentage of Equity Held[2] |
|---|---|---|---|
|  | Class A Preferred Series 5<br>Class A Preferred Series 6<br>Class B Preferred Series 1<br>Class C Preferred Series 1<br>Class C Preferred Series 2<br>Class C Preferred Series 3 |  |  |
| KF Arc Holding LP c/o Kingfish Group, Inc | Class A Preferred Series 1<br>Class A Preferred Series 2<br>Class A Preferred Series 3<br>Class A Preferred Series 4<br>Class A Preferred Series 5<br>Class B Preferred Series 1<br>Class C Preferred Series 1<br>Class C Preferred Series 2<br>Class C Preferred Series 3 | 601 California Street, Suite 1250, San Francisco, CA 94108 | 56.4% |
| Mackenzie Projects Ltd. | Class A Preferred Series 1<br>Class A Preferred Series 2 | Suite 990 - 1040 West Georgia Street, Vancouver, BC V6E 4H1 | 0.3% |
| Marlene Higgins | Class A Preferred Series 6<br>Common shares | 15 - 83 Peregrine Way, Vernon, BC V1H 1E9 | 0.2% |
| Michael Darby | Class A Preferred Series 5<br>Common shares | 111 - 166 Power Street, Penticton, BC V2A 5W9 | 0.2% |
| Nampa Enterprises Ltd. | Class A Preferred Series 1<br>Class A Preferred Series 2 | Suite 990 - 1040 West Georgia Street, Vancouver, BC V6E 4H1 | 0.3% |
| Nicholas Sills | Common shares | 400 Van Horne Str, Penticton, BC V2A 4K6 | 0.0% |

| Equity Holders | Class | Address of Equity Holder | Percentage of Equity Held[2] |
|---|---|---|---|
| Richard Guinn | Common shares | 718 Meadowlark Way, North Wales, PA 19454 | 0.1% |
| Sanca Creek Holdings Limited | Class A Preferred Series 1 Class A Preferred Series 2 | Suite 990 - 1040 West Georgia Street, Vancouver, BC V6E 4H1 | 0.2% |
| Sascha Jan Engel | Common shares | 1086 Forestbrook Dr., Penticton, BC V2A 2G3 | 0.0% |
| Skydeck Holdings II LLC | Class C Preferred Series 2 | 1 S. Wacker Dr., Suite 1810, Chicago, Il 60606 | 3.6% |
| Stephen Tolnai | Common shares | 2105 Thornber Street, Summerland, BC V0H 1Z9 | 0.1% |
| Terry Freeman | Common shares | 13704 101A Avenue, Edmonton, AB T5N 0L1 | 0.0% |
| Thomas Quigley, Trustee of the Thomas G. Quigley Revocable Trust dated March 26, 1999 | Common shares | 123 South College Ave, Bloomington, IN 47404 | 0.1% |
| Tyler Harris | Common shares | 8 - 3322 South Main St., Penticton, BC V2A 5J6 | 0.0% |
| Wal-Mart International Holdings, Inc. | Class C Preferred Series 1 Class C Preferred Series 2 | 702 SW 8th Street, Bentonville, AR 72758 | 5.9% |

| Fill in this information to identify the case: |
| --- |
| Debtor name: Structurlam Mass Timber U.S., Inc., et al. |
| United States Bankruptcy Court for the District of Delaware |
| Case number (If known): |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | WALMART, INC. LEGAL DEPARTMENT - CORPORATE DIVISION 702 S.W. 8TH ST. BENTONVILLE, AR 72716 | LEGAL DEPARTMENT - CORPORATE DIVISION PHONE: 479-273-4000 EMAIL: RACHEL.BRAND@WALMART.COM | CONTRACT COUNTERPARTY | CONTINGENT UNLIQUIDATED DISPUTED | | | $34,000,000 USD |
| 2 | STILES MACHINERY INC. PATRICK MUNDWILER, KENT HARTMAN 3944 SOLUTIONS CENTER CHICAGO, IL 60677-3009 | PATRICK MUNDWILER, KENT HARTMAN PHONE: 616-698-7500 EMAIL: DLOURENS@STILESMACHINERY.COM | CONTRACT COUNTERPARTY | CONTINGENT UNLIQUIDATED DISPUTED | | | $1,298,769 USD |
| 3 | STUART OLSEN CONSTRUCTION ASHLEY RANCOURT #300 - 13777 COMMERCE PARKWAY RICHMOND, BC V6V 2X3 CANADA | ASHLEY RANCOURT PHONE: 604-271-4600 | CONTRACT COUNTERPARTY | CONTINGENT UNLIQUIDATED DISPUTED | | | $1,200,000 CAD |
| 4 | BIRD CONSTRUCTION MARC DA SILVA #300 - 13777 COMMERCE PARKWAY RICHMOND, BC V6V 2X3 CANADA | MARC DA SILVA PHONE: 204-775-7141 X3351 | CONTRACT COUNTERPARTY | CONTINGENT UNLIQUIDATED DISPUTED | | | $670,000 CAD |
| 5 | MARCON METALFAB INC. 7156 BROWN STREET DELTA, BC V4G 1G8 CANADA | PHONE: 604-948-0977 FAX: 604-948-0978 EMAIL: ACCOUNTING@MARCONMETALFAB.COM | TRADE PAYABLE | | | | $597,667 CAD |
| 6 | SIMPSON STRONG TIE CANADA, LIMITED ARTHUR MNATSAKANIAN 811-19055 AIRPORT WAY PITT MEADOWS, BC V3Y 0G4 CANADA | ARTHUR MNATSAKANIAN EMAIL: REMITTANCEADVICES@STRONGTIE.COM | TRADE PAYABLE | | | | $407,106 CAD |
| 7 | DAY & ROSS 11470 131ST STREET SURREY, BC V3R 4S7 CANADA | PHONE: 506-375-4401 FAX: 506-375-4945 EMAIL: REMITTANCEDETAILS@DAYANDROSSINC.CA | TRADE PAYABLE | | | | $383,558 CAD |
| 8 | HEAVY TIMBER GROUP KRIS SPICKLER 4120 DOUGLAS BLVD #306-502 GRANITE BAY, CA 95746 | KRIS SPICKLER PHONE: (916) 797-5588 | TRADE PAYABLE | | | | $322,004 CAD |
| 9 | FOX'S TRANSPORT LTD. 8328 1ST STREET EDMONTON, AB T6P 1X2 CANADA | PHONE: 780-410-1960 EMAIL: EMAHAWAN@FOXSTRANSPORT.COM | TRADE PAYABLE | | | | $292,785 CAD |
| 10 | HENKEL CORPORATION 10 FINDERNE AVE BRIDGEWATER, NJ 08807 | PHONE: 908-685-7000 EMAIL: HA.REMIT@US.HENKEL.COM | TRADE PAYABLE | | | | $183,100 USD |
| 11 | ROTHO BLAAS USA INC WILLIAM BRODERICK 30 WALL ST, 8TH FLOOR NEW YORK, NY 10005 | WILLIAM BRODERICK PHONE: 917-656-9077 EMAIL: USA@ROTHOBLAAS.COM | TRADE PAYABLE | | | | $174,539 USD |
| 12 | ASPECT STRUCTURAL ENGINEERS CANADA LTD 101-190 WEST 3RD AVENUE VANCOUVER, BC V5Y 1E9 CANADA | PHONE: 604-389-9296 EMAIL: ACCOUNTS@ASPECTENGINEERS.COM | PROFESSIONAL SERVICES: ENGINEERING | | | | $207,297 CAD |
| 13 | WEYERHAEUSER NR COMPANY 200 OCCIDENTAL AVE S SEATTLE, WA 98104 | PHONE: 206-539-4043 FAX: 253-928-2327 EMAIL: ACCTS.RECV@WY.COM | TRADE PAYABLE | | | | $123,697 USD |
| 14 | HENKEL CANADA CORPORATION C/O 912360 PO BOX 4090 STN A TORONTO, ON M5W 0E9 CANADA | EMAIL: HA.REMIT@US.HENKEL.COM | TRADE PAYABLE | | | | $163,220 CAD |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | HEXION CANADA INC C/O LBX V7444C/U BNS WHOLESALE LOCKBOX PO BOX 7444 STATION TERMINAL VANCOUVER, BC V6B 4E2 CANADA | PHONE: 469-749-8402 EMAIL: NORTHAMERICAAR@HEXION.COM | TRADE PAYABLE | | | | $142,307 CAD |
| 16 | CONTECH CONSTRUCTION LTD KITTY TAYLOR 150 - 12860 CLARKE PLACE RICHMOND, BC V6V2H1 CANADA | KITTY TAYLOR PHONE: 604-519-1711 EMAIL: ACCOUNTING@CONTECHCONSTRUCTIONLTD.COM | TRADE PAYABLE | | | | $125,208 CAD |
| 17 | WESTERN LUMBER COMPANY, LLC 2240 TOWER EAST SUITE 200 MEDFORD, OR 97504 | PHONE: 541-779-5121 FAX: 541-779-0155 EMAIL: ACCOUNTING@WESTERNLUMBER.COM | TRADE PAYABLE | | | | $112,148 CAD |
| 18 | OWENS CORNING CANADA LP C/O T10275 PO BOX 4918 STN A TORONTO, ON M5W 0C9 CANADA | EMAIL: CASHAPPTEAM@OWENSCORNING.COM | TRADE PAYABLE | | | | $95,059 CAD |
| 19 | NEW WEST INSTALLATIONS LTD 630 BEAVER LAKE ROAD KELOWNA, BC V4V 1S7 | PHONE: 250-766-2271 FAX: 250-766-2171 EMAIL: DENISEH@NEWWESTIND.COM | TRADE PAYABLE | | | | $82,973 CAD |
| 20 | BDO CANADA LLP (KELOWNA BRANCH) 400 - 1631 DICKSON AVENUE KELOWNA, BC V1Y 0B5 CANADA | PHONE: 250-763-6700 EMAIL: EFTPAYMENTS@BDO.CA | PROFESSIONAL SERVICES: AUDITOR | | | | $77,115 CAD |
| 21 | MONASHEE MANUFACTURING CORPORATION LTD GRANT VANDERMYE 1247 ELLIS STREET KELOWNA, BC V1Y 1Z6 | GRANT VANDERMYE PHONE:  250-762-2646 EMAIL: L.ZHANG@MONASHEEMFG.COM; GRANT.VAN@MONASHEEMFG.COM | TRADE PAYABLE | | | | $76,512 CAD |
| 22 | TIMBER ENGINEERING INC. MARTA MAJ 3637 WEST 6TH AVE VANCOUVER, BC V6R 1T6 CANADA | MARTA MAJ PHONE: 604-839-0214 FAX: 604-679-7832 EMAIL: MARTA.MAJ@TIMBERENGINEERING.CA | PROFESSIONAL SERVICDE: ENGINEERING | | | | $73,143 CAD |
| 23 | TICOMTEC USA, INC MIKHAIL GERSHFELD 500 S. JEFFERSON, ST. PLACENTIA, CA 92870 | MIKHAIL GERSHFELD PHONE: 714-936-4563 EMAIL: MIKHAIL.GERSHFELD@GMAIL.COM | PROFESSIONAL SERVICES: ENGINEERING | | | | $71,908 CAD |
| 24 | WOODPECKER EUROPEAN TIMBER FRAMING & WOODWORKS LTD #5 - 5 COUGAR MOUNTAIN CRESCENT EXSHAW, AB T0L 2C1 CANADA | PHONE: 403-673-3333 EMAIL: OFFICE@EUROPEANTIMBERFRAMING.COM | TRADE PAYABLE | | | | $68,296 CAD |
| 25 | BROADHEAD OPERATING DBA. HMH AGENCY DBA HMH AGENCY 411 WASHINGTON AVE N STE 500 MINNEAPOLIS, MN 55401 | PHONE: 503-295-1922 EMAIL: ACCOUNTING@BROADHEADCO.COM | PROFESSIONAL SERVICES: PUBLIC RELATIONS | | | | $63,376 CAD |
| 26 | SWAYBACK HOLDINGS LTD. 402 WARREN AVENUE EAST PENTICTON, BC V2A 3M2 CANADA | PHONE: 250-493-7972 EMAIL: BMEHRER@GREYBACK.COM | LEASE | | | | $60,827 CAD |
| 27 | CAL-TEX LUMBER CO 2912 RAYBURN DR NACOGDOCHES, TX 75963-1010 | PHONE: 936-564-6426 FAX: 936-5460-3888 EMAIL: CHASER@CALTEXLBR.COM | TRADE PAYABLE | | | | $42,494 USD |
| 28 | MTC SOLUTIONS UNIT 106 - 12941 115TH STREET SURREY, BC V3R 0E2 CANADA | PHONE: 866-899-4090 EMAIL: ACCOUNTING@MTCSOLUTIONS.COM | TRADE PAYABLE | | | | $57,340 CAD |
| 29 | WILLIAMS SCOTSMAN, INC PO BOX 91975 CHICAGO, IL 60693-1975 | PHONE: 410-931-6000 EMAIL: CASHWS@WILLSCOT.COM | LEASE | | | | $40,885 USD |
| 30 | FASTENAL COMPANY 650 E ROBINS STREET CONWAY, AR 72032 | PHONE: 501-327-7273 FAX: 501-327-6994 EMAIL: USWIREPAYMENTS@FASTENAL.COM | TRADE PAYABLE | | | | $38,576 USD |

Fill in this information to identify the case and this filing:

Debtor Name:        Natural Outcomes, LLC

United States Bankruptcy Court for the:                          District of Delaware
                                                                (State)

Case number (If known):

## Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other documents that require a declaration   Combined Corporate Ownership Statement and List of Equity Security Holders

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 04 / 21 / 2023 | ✗ /s/ Shawn Turkington |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | Shawn Turkington |
| | Printed name |
| | Authorized Signatory |
| | Position or relationship to debtor |

Official Form 202                    **Declaration Under Penalty of Perjury for Non-Individual Debtors**

10769346v.2